# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOE L. SMITH, )<br>)<br>          **Plaintiff,** )<br>   v. )<br>)<br>INNOVATIVE TELEPHONE )<br>CORPORATION a/k/a INNOVATIVE )<br>TELEPHONE, )<br>)<br>          **Defendant.** )<br>_____) | Civil Action No. 2013-0108 |

**Attorneys:**
**Joe L. Smith,**
    *Pro Se*

**Charles E. Engeman, Esq.,**
**Bailey A. Calhoun, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION & ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff Joe L. Smith's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 45) and Defendant Innovative Telephone Corporation a/k/a Innovative Telephone's ("Defendant") Motion for Indefinite Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and for Status Conference ("Motion for Indefinite Extension of Time") (Dkt. No. 46). For the reasons that follow, the Court will (1) deny Plaintiff's Motion for Summary Judgment without prejudice; (2) deny Defendant's Motion for Indefinite Extension of Time as moot; and (3) deny Defendant's request for a status conference.

# I. BACKGROUND

Plaintiff commenced this action on November 8, 2013, and filed a First Amended Complaint on January 16, 2014. (Dkt. Nos. 1, 8). In the First Amended Complaint Plaintiff asserts claims for: 1) violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; 2) violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; and 3) violation of the Virgin Islands Whistleblower Act, 10 V.I.C. § 122. He seeks damages suffered as a result of the alleged discrimination and retaliation, as well as punitive damages and equitable relief. (Dkt. No. 8).

In lieu of answering, Defendant filed a Motion to Stay Litigation Pending Arbitration ("Motion to Stay"), arguing that the parties' Collective Bargaining Agreement ("CBA") provides for arbitration as a means of resolving disputes, and that this action should be stayed pending resolution of a grievance Plaintiff submitted to binding arbitration. (Dkt. No. 11 at 2-3). Plaintiff did not oppose Defendant's Motion to Stay. The Court granted Defendant's Motion to Stay, finding that the CBA constituted a valid arbitration agreement encompassing Plaintiff's claims; that the damages Plaintiff sought through his arbitration grievance were—at least in part—duplicative of the damages sought in the instant action; and that a stay was warranted in the interest of judicial economy and the conservation of resources. (Dkt. No. 12 at 1-2, 7).

By Order dated February 25, 2016, Plaintiff's arbitration grievance was denied by the arbitrator. (Dkt. No. 15-1 at 16). Thereafter, counsel for Plaintiff—Attorney Karen A. Bentz—filed a Motion to Withdraw as Attorney, which was granted by Magistrate Judge Ruth Miller on November 14, 2016. (Dkt. Nos. 17, 27). The Magistrate Judge granted Plaintiff a total of 90 days to seek new counsel to represent him. (Dkt. No. 27, 29). However, as of the date of this Opinion, Plaintiff has not retained new counsel and is proceeding in this matter *pro se*.

Defendant subsequently filed a Motion for Summary Judgment requesting that the Court grant summary judgment to Defendant on all counts contained in Plaintiff's First Amended Complaint. (Dkt. No. 33). Defendant's Motion for Summary Judgment has been fully briefed and its resolution is pending before the Court. Plaintiff then filed the instant Motion for Summary Judgment on August 20, 2018, and Defendant's Motion for Indefinite Extension of Time followed.

In its Motion for Indefinite Extension of Time, Defendant requests an indefinite extension of time within which to respond to Plaintiff's recently-filed Motion for Summary Judgment pending the resolution by the Court of Defendant's earlier-filed Motion for Summary Judgment. In addition, Defendant requests a status conference to address its pending Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment.

## II. DISCUSSION

Local Rule of Civil Procedure 56.1 ("Local Rule 56.1") establishes procedures governing motions for summary judgment filed pursuant to Federal Rule of Civil Procedure 56. It provides, in pertinent part, that a motion for summary judgment may not "exceed twenty pages without leave of the Court." LOCAL R. CIV. P. 56.1(e).[1] Further, Local Rule 56.1 requires that a motion for summary judgment be accompanied by a "separate statement of the material facts about which the movant contends there is no genuine issue. Each fact statement shall be serially numbered and shall be supported by specific citation to the record." LOCAL R. CIV. P. 56.1(a)(1).

Plaintiff's Motion for Summary Judgment fails to comply with these procedural rules. Plaintiff's 25-page single-spaced Motion far exceeds the page limitation and is not accompanied by a separate statement of material facts about which Plaintiff contends there is no genuine dispute.

---

[1] Local Rule of Civil Procedure 5.1 ("Local Rule 5.1") provides, in turn, that "[a]ll pleadings, motions, and other papers presented for filing shall be double-spaced, except for quoted material." LOCAL R. CIV. P. 5.1(a).

3

As Defendant points out in its Motion for Indefinite Extension of Time, had Plaintiff complied with Local Rule 5.1's requirement that motions be double-spaced, his Motion for Summary Judgment would total approximately 50 pages. In addition, Plaintiff's Motion was not preceded by a request for leave of Court to file a motion in excess of twenty double-spaced pages.

Because Plaintiff is proceeding *pro se* in this matter, he is afforded some flexibility with respect to the application of the Court's procedural rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011)). Nonetheless, *pro se* litigants are not permitted to simply "flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Kay v. Bemis*, 500 F. 3d 1214, 1218 (10th Cir. 2007)).

The Court cannot ignore Plaintiff's failure to comply with the procedural rules applicable to his Motion for Summary Judgment under the circumstances here. The length of Plaintiff's Motion and the absence of a corresponding statement of material facts that Plaintiff contends are not in dispute shift a formidable burden to Defendant to comb through Plaintiff's lengthy Motion to identify and respond to the material facts that he alleges are established. In other words, Defendant is left to compensate in a major way for Plaintiff's failure to comply with the Court's rules of procedure. Interests of fairness militate against such a result.

In light of the foregoing, the Court will deny Plaintiff's Motion for Summary Judgment, without prejudice, based on his failure to comply with the Court's procedural rules. Plaintiff will be granted 45 days to file a motion that cures the deficiencies noted herein and complies with the requirements established by the Local Rules of Civil Procedure.

### III. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice and will permit Plaintiff an opportunity to file a motion that complies with the requirements established by the Local Rules of Civil Procedure. In light of its denial of Plaintiff's Motion for Summary Judgment, the Court will deny as moot Defendant's Motion for Indefinite Extension of Time to Respond to Plaintiff's Motion for Summary Judgment and will deny Defendant's request for a status conference. An appropriate Order follows.

### **ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. No. 45) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have up to and including **November 5, 2018** to file a motion for summary judgment that complies with the requirements established by the Local Rules of Civil Procedure; and it is further

**ORDERED** that Defendant's Motion for Indefinite Extension of Time to Respond to Plaintiff's Motion for Summary Judgment (Dkt. No. 46) is **DENIED AS MOOT**; and it is further

**ORDERED** that Defendant's request for a status conference is **DENIED**.

**SO ORDERED**.

Date: September 21, 2018

_____/s/_____
WILMA A. LEWIS
Chief Judge